IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: C. R. BARD, INC.,
      PELVIC REPAIR SYSTEM                                         MDL NO. 2187
      PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

Branch v. C. R. Bard, Inc.                   Civil Action No. 2:13-cv-13835

**ORDER**

Pending before the court are the following motions: (1) Plaintiffs' Omnibus Motion to Exclude Certain Opinions and Testimony of C. R. Bard, Inc.'s Non-Retained Corporate Experts ("Plaintiffs' Omnibus Motion re: Non-Retained Corporate Experts") [Docket #79]; (2) Plaintiffs' Omnibus Motion to Exclude Certain General Opinions and Testimony of C. R. Bard, Inc.'s Physician Experts ("Plaintiffs' Omnibus Motion re: Physician Experts") [Docket #80]; (3) Defendant C. R. Bard, Inc.'s Motion to Exclude or Limit Certain Opinions and Testimony by Plaintiffs' Treating Physicians ("Bard's Motion to Exclude") [Docket #110]; (4) Defendant C. R. Bard, Inc.'s Omnibus Motion to Exclude Testimony and Evidence Pursuant to *Daubert* and the Federal Rules of Evidence ("Bard's Omnibus Motion") [Docket #112]; and (5) Plaintiffs' Motion to Strike or, in the Alternative, Response in Opposition to Bard's "Omnibus Motion to Exclude Testimony and Evidence Pursuant to *Daubert* and the Federal Rules of Evidence" (Plaintiffs' Motion to Strike") [Docket #114].

These four "omnibus" motions [Dockets #79, #80, #110, #112] seek to exclude broad categories of expert testimony. However, Rule 702, by its plain terms, contemplates *Daubert* challenges directed at the opinions of *specific* experts, not the opinions of a collection of experts.

While these experts may have come to similar conclusions, it is not the conclusions that the court must assess, but the reliability of the methods and procedures underpinning those conclusions. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993) ("The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate."). Two experts may come to a similar conclusion, but one or both experts' methodology in reaching that conclusion may be unreliable. Rule 702 directs the court to determine whether *an expert* is qualified, whether his or her opinions are the product of reliable methodology, and whether the opinions will be helpful to the jury. *See* Fed. R. Evid. 702. I can only conduct the required *Daubert* analysis on an individualized basis.

For example, Bard's Omnibus Motion makes no mention of any specific expert in this case or his/her opinions. Instead, Bard merely recites the law governing expert testimony and a history of this court's prior *Daubert* rulings. Although the plaintiffs contend that their Omnibus Motion re: Physician Experts is proper because they name specific experts and cite to their reports, the motion still fails to provide an individualized assessment of the opinions the plaintiffs seek to exclude. I acknowledge that in the Bard bellwether trials the court provided generalized findings with regard to the plaintiffs' treating physicians. *See In re C. R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 948 F. Supp. 2d 589, 616-17 (S.D. W. Va. 2013). At the time, these findings were useful in their context given the limited scope of the early bellwether trials and the clear identity of each case. The court, however, had no intention of setting a precedent contrary to the established framework of Federal Rule of Civil Procedure 26 or *Daubert*. Clearly, at this point in the MDLs, where there are wave cases from multiple jurisdictions, involving a variety of products, and requiring testimony from many different treating physicians, such a blanket exclusion of opinions and testimony would be inappropriate.

Accordingly, Plaintiffs' Omnibus Motion re: Non-Retained Corporate Experts [Docket #79] is **DENIED**; Plaintiffs' Omnibus Motion re: Physician Experts [Docket #80] is **DENIED**; Bard's Motion to Exclude [Docket #110] is **DENIED**; Bard's Omnibus Motion [Docket #112] is **DENIED**; and Plaintiffs' Motion to Strike [Docket #114] is **DENIED as moot**. The parties have leave to file additional expert-specific *Daubert* motions and the court will modify an existing PTO to reflect these deadlines.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 28, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE